# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALDEN A. THOMAS, SR., | ) |
| Plaintiff(s), | ) Case No. 2:16-cv-02573-JCM-NJK |
| vs. | ) **REPORT AND RECOMMENDATION** |
| KANG AND ASSOCIATES, et al., | ) |
| Defendant(s). | ) |

Petitioner brings this case *pro se* and seeks to appear *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Petitioner has filed no complaint. Instead, Petitioner filed a motion seeking recognition of a "sister state" money judgment for 10 million dollars, issued by the "adjudicator court" in California. *See, e.g.*, Docket No. 2-2 at 1. The Court takes judicial notice of the California Judicial Branch's website, and finds that no such court is recognized by the State of California. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (appropriate to take notice of a government website); *see also* Fed. R. Evid. 201; *see also* California Courts: The Judicial Branch of California, http://www.courts.ca.gov/courts.htm (last visited Dec. 1, 2016) (indicating that the California judiciary consists of the state's Supreme Court, Courts of Appeal, and Superior Courts).

In light of the delusional nature of Petitioner's motion, the undersigned **RECOMMENDS** that Petitioner's motion of registration of judgment from another district be **DISMISSED** with prejudice and that his application to proceed *in forma pauperis* be **DENIED** as moot.

Dated: December 2, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).